FILED
2008 Sep-03 PM 03:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ADRIANN COX,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No.: 4:07-CV-2272-VEH** |
| | ) |
| **MICHAEL J. ASTRUE** | ) |
| **COMMISSIONER,** | ) |
| **SOCIAL SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OF OPINION

### I.  INTRODUCTION

The plaintiff, Adriann Cox ("Cox") appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Cox has timely pursued and exhausted her administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. § 1383(c)(3).

The court has reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that the correct

legal standards were applied. Accordingly the Commissioner's decision is due to be **AFFIRMED**.

## II. FACTUAL HISTORY

Cox applied for SSI and DIB on May 12, 2004. (TR 25). She alleged disability since September 10, 2003 (TR 25) which she has subsequently amended to February 1, 2004 (Doc. 12 at 1). After an initial determination that Cox was not disabled (TR 51-52), she requested a hearing, which was granted and held on November 10, 2005 (TR 62). An Administrative Law Judge (ALJ) issued a decision on January 27, 2006, finding that Cox was not disabled. (TR 31). Cox sought review from the Appeals Council, which was granted (TR 10). The Council reversed the ALJ's decision in part, finding that Cox was disabled beginning on May 29, 2005. (TR 14). She now appeals this decision, arguing that she was disabled as of February 1, 2004. (Doc. 12 at 1).

Cox was 42 years old at the time of her hearing. (TR 25). She has an eleventh grade education, and in her past relevant work, she performed jobs such as an assembler at a meat packing plant, an electrical assembler, a dietary aide, a housekeeper, a seamstress, and a machine operator. (TR 25). She alleged disability due to her stroke, high blood pressure, back and neck pain, and diabetes. (TR 26-29). Cox last worked in September, 2003. (TR 25).

On August 11, 2003, Cox complained to her healthcare provider of low back pain, blurred vision and balance problems. (TR 26). This provider noted that she had high blood sugar and diagnosed her with diabetes, hypertension, and depression. (TR 25).

A subsequent psychological evaluation at a state agency by Dr. Kenneth Warren concluded that there was insufficient evidence to prove Cox had a severe impairment. (TR 26). In March, 2004, Dr. Martha Kennon conducted a consultive psychological evaluation of Cox. (TR 26). She concluded that Cox was faking symptoms of hand tremors. (TR 26). She diagnosed her with Malingering. (TR 26).

On August 3, 2004, Cox consulted Dr. Henry Born, complaining of pain in her shoulders and back, and stating that she was unable to work due to her nerves. (TR 26). Dr. Born concluded that she had normal grip and muscle strength, that her gait was normal, that she had a normal range of motion in her cervical spine, and that there was normal range of motion and an absence of swelling in all joints where she complained of pain. (TR 26). She also had good posture in her lumbosacral spine. (TR 27).

On November 4, 2004, Dr. Carlos Guanza conducted a consultive physical examination. (TR 27). Dr. Ganuza diagnosed Cox with cervical and lumbar spondylosis with sciatic pain and possible disc extrusion, as well as diabetes,

hypertension and depression. (TR 27). He also concluded that Cox was unable to work at a productive level due to her pain and that there was little possibility of recovery. (TR 27). Dr. Ganuza also noted that diagnostic tests on Cox's back appeared to be normal. (TR 27).

On May 29, 2005, Cox suffered a stroke. This resulted in "significant residual mental limitations." (TR 12). She now walks slowly, has slurred speech, and has severe memory impairment. (TR 12).

Applying this medical history to the relevant legal framework, the ALJ found that Cox suffered severe impairments that included diabetes, hypertension, stroke, and possible peripheral neuropathy. (TR 31). The ALJ discounted Cox's testimony about pain in her back and neck, finding that it was not credible. (TR 29, 31). No objective evidence supported the level of pain to which she testified. (TR 29). In reaching this holding, the ALJ discounted the opinion of Dr. Ganuza, on the ground that it was not supported by any objective evidence and contradicted his own diagnostic testing. (TR 29). The ALJ then concluded that Cox's residual functional capacity (RFC) permitted her to work in her previous employment, despite here severe impairments. (TR 31). Accordingly, she was not under a disability, as defined by the Social Security Act. (TR 31).

In reviewing the ALJ's decision, the Appeals Council concluded that the ALJ

had erred in his disability determination. (TR 11). However, it reversed the decision only in part. (TR 13). The council concluded that Cox's impairments arising from her stroke met the definition of a listed impairment in the Social Security Act's regulations. (TR 13).

The Appeals Council agreed with the ALJ's finding that Cox was not disabled prior to her stroke, agreeing with the ALJ's decision to discredit Cox's pain testimony. (TR 11-12). In addition to adopting the findings of the ALJ as to the severity of her pain (TR 11), the Appeals Council also relied on evidence from Dr. James McCain, a treating physician of Cox, who determined that Cox was disabled only after her stroke, setting the disability onset date from the day of this impairment. (TR 12).

Cox sought judicial review of the Commissioner's final decision by filing a Complaint in this Court. (Doc. 1). She challenges the Commissioner's decision only insofar as it found that she was not disabled prior to her stroke. (Doc. 12 at 1).[1]

### III.  STANDARD OF REVIEW

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is

---

[1] The record indicates that Cox did not file an initial brief with this Court. The only brief on file with the court is the Plaintiff's Reply Brief (Doc. 12), dated July 28, 2008.

substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See*

*Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

**IV.   ANALYSIS**

In reviewing the final decision of the Commissioner, the court is limited to determining whether the correct legal standards were applied and whether the final decision was supported by "substantial evidence." *See Lewis v. Callahan*, 125 F.3d 1436, 1429 (11th Cir. 1997).

   A.   <u>Which Court's Decision Should Be Reviewed?</u>

Cox and the Commissioner apparently disagree over which decision this Court should review. Cox's brief argues against the ALJ's decision (Doc. 12 at 4), and the Commissioner's brief argues in support of the Appeals Council's decision (Doc. 11 at 1). Since the Appeals Council adopted the ALJ's ruling in the dispute before the court (TR at 12), this is not a controlling issue. But, it is worth noting which decision this Court must actually review.

When a district court reviews the Commissioner's decision, it is only the "final decision" that is subject to judicial review. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing 42 U.S.C. § 405(g)). "When the Appeals Council grants review, the Appeals Council decision is reviewable as the final decision of the Secretary. 20 C.F.R. § 404.981 . . . . When the Appeals Council denies review, the decision of the ALJ becomes the final decision

of the Secretary. 20 C.F.R. § 404.955." 21 F.3d 1064 at 1066; *see also Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998) (following the same standard).

Since the Appeals Council's decision is the "final decision" of the Commissioner, this Court is bound to review that decision, and not the ALJ's decision. Judicial review of the Appeals Council's decision follows the same standard of review as for an ALJ's decision. The final decision of the Appeals Council must be supported by "substantial evidence." *See, e.g.*, *Parker v. Bowen*, 788 F.2d 152, 1514 (en banc) (holding that judicial review is limited to determining "whether Appeals Council's decision is supported by substantial evidence" when the Council rejects the ALJ's finding on its own motion); *Hand v. Bowen*, 793 F.2d 275, 276 (11th Cir. 1986) (applying substantial evidence standard to review of Appeals Council's decision); *Baker on Behalf of Baker v. Sullivan*, 880 F.2d 319, 322 (11th Cir. 1989) (applying substantial evidence standard to decision of Appeals Council). Having established that the Appeals Council's decision is the final decision subject to judicial review, the court now turns to the familiar two-part analysis applied to final decisions of the Commissioner.[2]

    A.    <u>Legal Standards Applied</u>

---

[2] In substance, the Appeals Council adopted the ALJ's findings as to Cox's chief challenge. (*Compare* (TR 12), *with* (TR 29-30)). Therefore, the court will address Cox's argument as if it referred to the Appeals Council's decision.

The Appeals Council used the appropriate legal standards in deciding Cox's case. First, to qualify for benefits, a claimant must suffer from an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). "Physical or mental impairment" is defined by the Social Security Act as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Taking guidance from the statutory definitions, the applicable regulations provide for a five-step process by which an ALJ, or in this case the Appeals Council, should evaluate the claimant's disability. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a), 416.920(a). If she is, the claimant is not disabled and the evaluation stops. *Id.* If she is not, the presiding official next considers the effect of all of her physical and mental impairments combined. *Id.* These impairments must be severe and must meet the duration requirements before a claimant will be found to be disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). The decision depends on the

9

medical evidence in the record. If the claimant's impairments are not severe, the analysis stops. *Id.* Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments fall within this category, she will be found disabled without further consideration. *Id.* If they do not, the analysis proceeds to the fourth step.

The fourth step requires determination of whether the claimant's impairments prevent him from returning to his past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). As to this criterion, the regulation states:

> If we cannot make a decision based on your current work activity alone, and you have a severe impairment(s), we then review your residual functional capacity and the physical and mental demands of the work you have done in the past. If you can still do this kind of work, we will find that you are not disabled.
> *Id.*

Upon determination that the claimant cannot do any of the work she has done in the past, step five requires the court to consider the claimant's residual functional capacity, as well as the claimant's age, education, and past work experience in order to determine if she can do other work. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Following this framework, the Appeals Council initially determined that Cox

had not engaged in substantial gainful activity since September 10, 2003. (TR 13). Next, it found that she had the following severe impairments: diabetes, hypertension, peripheral neuropathy prior to her stroke, and, later, severe impairment due to residual effects of a stroke. (TR 13). The Council then found that Cox retained the RFC to lift and carry twenty pounds occasionally, and ten pounds frequently prior to her stroke. (TR 13). It also found that she could perform her past relevant work prior to her stroke. (TR 13). She was therefore not disabled prior to May 29, 2005, the date on which she suffered a stroke. (TR 14).

In all respects, the Appeals Council's decision articulated and followed the controlling legal framework. Cox makes no challenge to the legal analysis used in the Commissioner's final decision. Instead, she challenges the finding that her pain testimony was not credible. (Doc. 12 at 4).

      B.    <u>Supported by Substantial Evidence</u>

Substantial evidence supported the Appeals Council's decision to discredit Cox's pain testimony.

Cox argues that the Appeals Council "held by implication that the ALJ erred in holding that Plaintiff was not credible as of 5/29/05. In effect, the Appeals Council set aside the ALJ's finding of credibility." (Doc. 12 at 5). In short, since the Appeals Council impliedly set aside the ALJ's finding on credibility, the court

should now explicitly determine that the ALJ's finding was in error.

This argument fails in two respects. First, as already discussed, this Court judicially reviews only final decisions of the Commissioner, and the Appeals Council's decision is the final decision before this Court. *See supra* at 7. Second, Cox's statement that the Appeals Council impliedly rejected the ALJ's credibility finding is simply wrong. The Council wrote, "The Appeals Council agrees with the findings and conclusions regarding the severity of the claimant's impairments prior to the date the claimant had a stroke, May 29, 2005." (TR 11); (*see also* (TR at 12) ("the [Appeals Council] agrees with the [ALJ's] conclusions that the claimant's subjective complaints are not fully credible for the period before May 29, 2005")). Although Cox has not actually raised any explicit challenge to the Appeals Council's ruling, because an appeal has been timely filed challenging the Commissioner's final decision on substantial evidence grounds, and because the Appeal's Council adopts the ALJ's findings, which Cox has challenged, the court still considers whether the finding as to Cox's credibility was supported by substantial evidence.

"Substantial evidence must do more than create a suspicion of the existence of the fact to be established." *Id*. The evidence must be "relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Ingram v. Commissioner of Social Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citing

*Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983)). "Even if the evidence preponderates against the [Commissioner]'s factual findings, [the court] must affirm if the decision reached is supported by substantial evidence." *Ingram*, 496 F.3d at 1260 (11th Cir. 2007) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). "[W]ithin this narrowly circumscribed role, [courts] do not act as automatons. [A court] must scrutinize the record as a whole to determine if the decision reached is reasonable, and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983) (internal quotations and citations omitted).

Specifically at issue in this case is Cox's testimony regarding her back and neck pain. The Eleventh Circuit's decision in *Holt v. Sullivan*, 921 F.2d 1221 (11th Cir.1991), "requires that an ALJ apply a three part 'pain standard' when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms." *Id.* at 1223. "The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). A claimant who testifies to disabling pain and satisfies the pain standard followed in *Foote* must be found disabled <u>unless that testimony is properly</u>

discredited. *Stricklin v. Astrue*, 493 F. Supp. 2d 1191, 1195 (N.D. Ala. 2007). (Emphasis supplied).

Here, the Appeals Council, adopting the ALJ's decision, found that the pain standard was satisfied by Cox's testimony, but that the testimony was not credible. (TR 12, 29). Therefore, the pain was not disabling. (TR 29). The court need not conclude that the Appeals Council was right in this decision; it need only conclude that the decision "is reasonable, and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). The court may not substitute its own judgment for that of the Commissioner. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Appeals Council's decision easily meets this standard, as there are several clearly articulated reasons for finding Cox's testimony to be not credible.

First, the majority of the medical evidence supported a finding that she did not have disabling pain. (TR 29). Cox was also inconsistent in describing her pain. She told Dr. Born that she only had occasional back pain. (TR 29). She did not mention back pain to Dr. Kennon. (TR 29). Dr. Kennon also noted that she was faking physical symptoms of hand tremors. (TR 29). The ALJ rejected the opinion of the only doctor to support her complaints, Dr. Ganuza. (T 29). Dr. Ganuza, who was a consultive and not a treating physician, noted that diagnostic tests were normal, but then concluded that she had disabling back pain. (TR 29). The entirety of this

evidence easily satisfies the substantial evidence standard. Therefore, the Appeals Council did not err in finding that Cox's subjective testimony was not credible.

In a final argument, Cox argues that the Appeals Council bolstered her credibility by ultimately finding her disabled as a result of her stroke. (Doc. 12 at 6). The court's role in reviewing this case is not to determine whether the Cox is now credible or to again weigh the evidence. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). Its only role is to review the final decision of the Commissioner and determine whether it is supported by substantial evidence. Therefore, this argument is unavailing. Moreover, the court notes that the Council's finding that Cox was disabled as a result of her stroke (which occurred on May 29, 2005), is in no way inconsistent with the ALJ's finding that Cox's pre - May 29, 2005 complaints of pain were not credible.

## V.   CONCLUSION

Consistent with the reasons set forth in this Memorandum of Opinion, the final decision of the Commissioner is due to be **AFFIRMED**. An Order consistent with this opinion will be entered concurrently.

**DONE** and **ORDERED**, this the 3rd day of September, 2008.

                                                                   _/s/ VEHopkins_
                                                                   **VIRGINIA EMERSON HOPKINS**
                                                                   United States District Judge